[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11785
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cr-00338-ACA-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MICHAEL THOMAS CRISCOE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 21, 2020)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

With the benefit of a plea bargain, James Criscoe pled guilty to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him to concurrent terms of 51 months' imprisonment on each count.  In this case, Criscoe appeals his sentences.  He argues that the district court clearly erred by applying a firearm-trafficking enhancement under U.S.S.G. § 2K2.1(b)(5) because there was insufficient evidence to find, or reasonably infer, that he transferred firearms to a person he knew or had reason to know would possess them unlawfully.  We agree and therefore vacate Criscoe's sentences and remand for resentencing.

## BACKGROUND

In January 2018, a confidential police informant (CI) told police that he could purchase $50.00 worth of methamphetamine and a .38 caliber revolver from Criscoe, a previously convicted felon and known drug user.  The police provided the CI with the funds to make this purchase, and on January 9, Criscoe sold the CI a revolver and two "plastic baggies" of methamphetamine.  During the transaction, Criscoe and the CI discussed a pistol that Criscoe wanted to sell.  The CI debriefed police, who provided him funds to purchase the pistol.  The following day, Criscoe sold the CI the pistol.  Criscoe was arrested shortly after the second transaction.  Neither firearm had been reported stolen, and neither had altered serial numbers.

2

After Criscoe entered his guilty plea, the Probation Office prepared a presentence investigation report (PSR).  Under U.S.S.G. § 2K2.1(a)(5), Criscoe's base offense level was 14.  Of the various enhancements and adjustments to his offense level, only one is relevant here:  under § 2K2.1(b)(5), a four-level enhancement was applied for trafficking in firearms.  According to the PSR, this enhancement was warranted because Criscoe transferred two firearms to the CI knowing that it was unlawful for the CI to possess the firearms.

Before sentencing, Criscoe objected to the § 2K2.1(b)(5) enhancement, arguing that there was no evidence that he knew or had reason to believe that the CI could not possess the firearms or intended to use or dispose of them unlawfully.  Probation argued that since he provided the CI with methamphetamine, Criscoe knew or should have known that he was selling to an individual who could not possess a firearm.  At sentencing, Criscoe repeated his objection to the § 2K2.1(b)(5) enhancement, and the government repeated Probation's arguments.  The district court overruled the objection and applied the enhancement.  In its Statement of Reasons, the district court noted that it adopted the PSR without change.

## DISCUSSION

We review a "district court's application of the sentencing guidelines de novo and its factual findings for clear error."  *United States v. Asante*, 782 F.3d

3

639, 642 (11th Cir. 2018). "We may affirm a sentencing enhancement for any reason supported by the record, even if not relied upon by the district court." *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015) (internal quotation mark omitted). But, if we affirm on other grounds, "the alternative route for affirming [may] not require facts that remain to be found by the district court." *United States v. Chitwood*, 676 F.3d 971, 976 (11th Cir. 2012).

When reviewing for clear error, we will not disturb a district court's findings unless "we are left with a definite and firm conviction a mistake has been made." *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015). We interpret the Guidelines "in light of the Commentary and Application Notes, which are binding unless they contradict the Guidelines' plain meaning." *Id.* When the government is seeking to apply a sentence enhancement over a defendant's factual objection, the government "has the burden of introducing sufficient and reliable evidence to prove the necessary facts by a preponderance of the evidence." *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013) (internal quotation marks omitted). "This burden requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (internal quotation mark omitted). While a district court may rely on undisputed factual statements in the PSR and may make

reasonable inferences from the facts, it may not rely on speculative inferences. *See United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013) (per curiam).

Section 2K2.1(b)(5) provides for a four-level enhancement if the defendant is "engaged in the trafficking of firearms." As relevant here, the enhancement applies if the defendant transferred two or more firearms, and knew or had reason to know that the transfer was to a person: (1) whose possession of the firearms would be unlawful; or (2) who intended to use or dispose of the firearms unlawfully. U.S.S.G. § 2K2.1, comment. (n.13(A)). A person whose possession of the firearms would be unlawful is either an individual who:

> (i) has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence; or (ii) at the time of the offense was under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 2K2.1, comment. (n.13(B)). When determining whether a defendant knew his conduct would result in the transfer of firearms to someone that would trigger the trafficking enhancement, courts look "to the circumstances known to the defendant." *See Asante*, 782 F.3d at 644.

Here, to support the § 2K2.1(b)(5) enhancement on the basis that Criscoe sold the firearms to an unlawful possessor, the government needed to provide sufficient evidence to conclude that Criscoe knew or had reason to know that he sold the firearms to a person who satisfied the narrow criteria of § 2K2.1(b)(5). It

5

did not.  Therefore, the district court's adopted conclusion—that the CI's purchase of methamphetamine gave Criscoe reason to believe he provided firearms to an unlawful possessor—was a clear error.  A plain reading of § 2K2.1(b)(5)'s commentary compels this result as the possession of a firearm as a drug user is not unlawful possession for the purposes of § 2K2.1(b)(5).

However, the government argues that the district court provided another basis for the enhancement because it found that Criscoe knew or had reason to know the CI would illegally use or dispose of the firearms.  Having reviewed the record, we are not persuaded by this argument.  The parties and the district court discussed both bases for the § 2K2.1(b)(5) enhancement at Criscoe's sentencing hearing.  But the district court did not make clear upon which basis it ultimately relied.  Instead, in its Statement of Reasons, the district court adopted the PSR without change, and the PSR only attempts to support that Criscoe sold the firearms to a prohibited person.  In short, because the record does not contain a finding that Criscoe knew or had reason to know the CI would illegally use or dispose of the firearms, we cannot affirm the district court on that basis.

Alternatively, the government argues that we can affirm because the record amply supports a finding that the CI intended to illegally use or dispose of the firearms.  We reject this suggestion because this alternative route to affirmance

would "require facts that remain to be found by the district court." *See Chitwood*, 676 F.3d at 976.

For the foregoing reasons, we vacate Criscoe's sentence and remand for further proceedings consistent with this decision.

**VACATED AND REMANDED.**